OPINION OF THE COURT
Bernard F. McCaffrey, J.
In this action for declaratory judgment, a permanent injunction and damages (compensatory and punitive), both parties seek summary judgment.
Plaintiff is the maternal grandmother of the named infants all of whom reside with her within the boundaries of the Roosevelt Union Free School District No. 8. It is alleged that in September of 1978 the infants were refused admission to district schools because their grandmother could not establish she had been judicially appointed their legal guardian. After a hearing, on an application for a temporary injunction held *828 December 10, 1978, Mr. Justice Roncallo found that Ruth Simms was a custodian of her grandchildren within the meaning of subdivision 1 of section 3212 of the Education Law and ordered their enrollment in the district’s schools.
The complaint seeks a declaration that the district’s policy with respect to admissions as enumerated in policy bulletins Nos. 501 and 502 is unconstitutional and invalid in that it purports to exclude from admission any child who resides with a person other than his or her parent or legal guardian.
The law is clear. Every child between the ages of 5 and 21 is entitled to attend the public schools maintained in the district or city in which he or she resides (Education Law, § 3202). The duty of "causing the minor to attend” falls upon the person standing in a parental relationship to the minor (Education Law, § 3212, subd 2).
Subdivision 1 of section 3212 of the Education Law provides: "As used in this article, a person in parental relation to another individual shall include his father or mother, by birth or adoption, his step-father or step-mother, his legally appointed guardian, or his custodian. A person shall be regarded as the custodian of another individual if he has assumed the charge and care of such individual because the parents or legally appointed guardian of such individual have died, are imprisoned, are mentally ill, or have been committed to an institution, or because, they have abandoned or deserted such individual or are living outside the state or their whereabouts are unknown. ” (Emphasis added.)
It is obvious from the above-quoted section that a "parental relationship” encompasses something more than parenthood and judicial guardianship. Any regulation or policy of a school district which purports to circumscribe the perimeters of subdivision 1 of section 3212 would, of course, run contrary to it and be invalid, the holding in Ortiz v Brentwood Union Free School Dist. (NYLJ, Jan. 19, 1977, p 15, col 6) notwithstanding.
It is for this court to determine if, in fact, the policies of the district are contrary to subdivision 1 of section 3212. In that regard, there appears to be a divergence between the stated policy and its implementation.
Policy memo No. 501 provides: "2. A minor must be accompanied by his parent, guardian or foster parent. No relative or friend may enter a minor in the school. If there are extenuating circumstances they will be explored by the Pupil Personnel Office. ” (Emphasis added.)
*829 Policy memo No. 502 provides:
"It is the policy of this district not to accept students as guardianship cases. However, each case must be examined and weighed on the circumstances presented. Applications for acceptance by this school district of a student for attendance in the schools of the district will be considered under the following conditions:
"1. Students may be registered to attend Roosevelt Public Schools only if they are legally resident children of Roosevelt families. (Natural, foster, court appointed guardianships and adopted children are legally resident children.) Nieces, nephews, grandchildren, friends and relatives will be registered only after legal requirements are met.” (Emphasis added.)
As can be seen, both provide for latitude with respect to acceptance and are not confined to legal guardianships. As such, they do not limit the applicability of section 3212.
However, it is clear from the testimony at the hearing before Judge Roncallo that the stated policy has been subjected to a somewhat more restricted application. That fact, however, does not invalidate the policy itself.
Under the circumstances, the court will declare that the policy with respect to admission set forth in the Roosevelt Free School District No. 8 policy bulletins Nos. 501 and 502 are not violative of subdivision 1 of section 3212 of the Education Law. The court will also declare that any interpretation thereof which has the effect of limiting registration to only those children for whom a legally appointed guardianship has been obtained is invalid and unenforceable.
Having made such a declaration, the issues of permanent injunction and damages remain. A permanent injunction has been rendered academic by virtue of Mr. Justice Roncallo’s order and this court’s declaration. A determination with respect to damages would be inappropriate in the absence of a showing that the provisions of section 3813 of the Education Law have been complied with. Moreover, the situation before the court is one which required legal redress, which Mr. Justice Roncallo provided, not compensation.
Accordingly, plaintiff’s motion is granted to the extent set forth herein. Defendant’s motion is granted to the extent of dismissing the cause of action for a permanent injunction and damages.