Allan TAKEALL, By His Next Friend, Kenneth RUBINSTEIN, Plaintiff,

v.

Gordon M. AMBACH, Individually and as Commissioner of the New York State Department of Education; and the Board of Education of the City of White Plains, and Jerry Marcus, Individually and as Superintendent of Schools of the City of White Plains, New York, and James P. Jones, Individually and as Director of Pupil Services of the White Plains Schools, Defendants.

No. 83 Civ. 9443.

United States District Court, S.D. New York.

March 21, 1985.

Gerald A. Norlander, Westchester Legal Services, White Plains, N.Y., for plaintiff.

Leslie Ruff, Hart & Hume, New York City, for White Plains defendants.

Lillian Cohen, Asst. Atty. Gen., New York City, for defendant Ambach.

## MEMORANDUM DECISION

GAGLIARDI, District Judge.

Plaintiff Allan Takeall, an eighteen-year-old who now resides in White Plains, commenced this action on December 29, 1983 pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants violated his state law rights by refusing him admission to the White Plains public schools and violated his constitutional rights by failing to accord him due process in reaching that decision.[1] Plaintiff has moved pursuant to Rule 56, Fed.R.Civ.P., for partial summary judgment on the issue of defendants' liability for nominal damages for the alleged violation of due process. Defendant Ambach has moved for dismissal of the suit against him, on grounds of improper service and failure to state a claim. The other defendants have cross-moved for dismissal for failure to state a claim.

### Background

The following facts are not in dispute. At this time, plaintiff lives in White Plains, New York, in the home of an unrelated adult who is not his legal guardian. Plaintiff's mother resides in Ossining. Plaintiff has been considered a resident of White Plains for educational purposes since a decision on the issue was rendered on June 1, 1984, by Commissioner Ambach.

In May, 1983, plaintiff was living in a White Plains group home which previously had been located in Tarrytown, New York. During May, an official of the home contacted the White Plains public school system and informed Jones that the plaintiff was living at the home and wished to enroll in school. Because there was some evidence that plaintiff suffered from emotional problems and might require a special education program, he was provided with group home instruction from May 19, 1983, to June 17, 1983, pending a placement decision by the Committee on the Handicapped of the White Plains public school system.

Defendants Jones, Marcus, and Board of Education of the City of White Plains (the "White Plains defendants") arranged for a psychiatric evaluation of plaintiff during the summer of 1983. In the course of arranging that evaluation, the White Plains defendants learned that plaintiff no longer lived at the group home, but had moved into the house where he currently lives. On September 29, 1983, the Committee on the Handicapped for the White Plains school system decided that plaintiff was emotionally disturbed and should be placed in the New York Hospital program. Thereafter the White Plains defendants sent a copy of the decision to plaintiff's mother. Plaintiff received group home instruction from September 22, 1983 until October 7, 1983, when the White Plains defendants purportedly reached a determination that plaintiff was not a resident of White Plains.

During the fall of 1983, defendant Jones spoke on several occasions with plaintiff and with adults who were assisting plaintiff in his dealings with the school system. In these conversations, Jones told plaintiff that he was ineligible to attend the White Plains public schools because (1) he did not qualify as an emancipated minor, (2) he had no court-appointed legal guardian residing in White Plains, and (3) his mother did not reside in White Plains. Plaintiff repeatedly asserted that he was emancipated and therefore a resident of White Plains. According to Jones's affidavit, Jones "listened to the plaintiff's views on the subject." Plaintiff never received written notice of the reasons for the White Plains defendants' decision regarding his eligibility. Plaintiff received no notice of a right to a hearing or to review before the Commissioner of Education. He was never in-

---

1. Because he is a minor, plaintiff brought this action through his next friend, Kenneth Rubinstein. See Fed.R.Civ.P. 17(c). Named as defendants are: Gordon M. Ambach, Commissioner of the New York State Department of Edu-

cation; the Board of Education of the City of White Plains; Jerry Marcus, Superintendent of Schools of the City of White Plains; and James P. Jones, Director of Pupil Services of the White Plains Schools.

formed of the specific statute, case, rule, regulation or policy relied upon by the White Plains defendants. The White Plains defendants afforded plaintiff no opportunity to present evidence or argument other than his conversations with defendant Jones.

On January 13, 1984, the White Plains defendants denied the request of plaintiff's counsel for a written decision regarding plaintiff's eligibility for admission to the White Plains schools and, if determined ineligible, for a written statement of the reasons therefore and notice of administrative remedies.

### Discussion

### I. Ambach's Motion to Dismiss

Commissioner Ambach has moved to dismiss the claim against him in its entirety. Ambach claims immunity from suit in his official capacity. He also argues that service was insufficient to establish jurisdiction in the suit against him in his individual capacity.

#### A. Claim Against Ambach In His Official Capacity

■ The Eleventh Amendment bars suit in federal court against a state official in his official capacity where the claim is that the official violated state law in carrying out his duties, and the relief sought would operate against the state. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Where a suit challenges the constitutionality of a state official's actions, however, the Eleventh Amendment does not mandate dismissal. Rather, the Eleventh Amendment operates to preclude certain forms of relief, particularly damages. See Pennhurst State School & Hosp. v. Halderman, supra, 104 S.Ct. at 909; Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).

■ In this case, plaintiff's submissions can be read to allege that Ambach violated plaintiff's right to due process by establishing a custom of approving local school district reliance on informal oral notice of residency determinations. Since this raises a question of federal constitutional law,[2] and the complaint includes requests for prospective relief, it would be premature to dismiss the action against Ambach in his official capacity.[3]

#### B. Claim Against Ambach In His Individual Capacity

■ Under Rule 4(c)(2)(C)(i), Fed.R. Civ.P., service of a summons and complaint is effective if accomplished in accordance with the law of the state in which the district court is held "for the service of summons or other like process upon such defendant in an action brought in the courts of general jurisdiction of that [s]tate...." In this case, plaintiff asserts that Ambach was properly served in his individual capacity under N.Y.Civ.Prac.Law § 308(2) (McKinney Supp.1983–84), which provides:

> Personal service upon a natural person shall be made by any of the following methods:
>
> .    .    .    .    .
>
> 2. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by mailing the summons to the person to be served at his last known residence; proof of such service shall be filed within twenty days thereafter with the clerk of the court designated in the summons; ....

Nothing in the record indicates that the summons and complaint were mailed to defendant Ambach at his last known resi-

---

**2.** Cf. Hall v. Ohla, No. B–80–407 (D.Conn. Feb. 24, 1983) (removal of student from school pursuant to determination of non-residence raises issues of due process).

**3.** The complaint includes a request for declaratory relief against Ambach. Although the Commissioner has determined that plaintiff is to be considered a White Plains resident, there is no indication of any change in the alleged custom of permitting reliance on informal oral notice.

dence. There is no allegation of such a mailing in either the affidavit of service or the opposition papers, in which plaintiff makes only the ambiguous allegation that "a copy of the summons and complaint was also mailed by plaintiff's attorney directly to the Commissioner...."

Accordingly, the complaint against Ambach in his individual capacity should be dismissed.

## II. *Plaintiff's Motion for Partial Summary Judgment*

Summary judgment is appropriate where the pleadings, affidavits and other evidence on record indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. In opposing a motion for summary judgment supported by affidavits, a party "may not rest on the mere allegations or denials of his pleadings, but ... must put forth specific facts to show that there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P.

■ In this case, the facts material to the issue of whether plaintiff's right to due process was violated are not in dispute. Accordingly, the question is ripe for determination here. As to the question of liability for damages, however, material facts are unresolved. Accordingly, decision on several issues must be reserved for trial.

## A. *Due Process*

■ Plaintiff contends that due process requires that he be afforded written notice of the school system's decision on his eligibility to enroll, including, where applicable, a statement of the legal and factual basis for denial of admission to the White Plains public schools, and notice of available administrative remedies. It is undisputed that plaintiff has an interest in his right to a public education, *see* N.Y.Educ.Law § 3202 (McKinney 1981 & Supp.1984–85), which is protected by the Due Process clause. *See Goss v. Lopez,* 419 U.S. 565, 572–76, 95 S.Ct. 729, 735–37, 42 L.Ed.2d 725 (1975). The question which remains is what process is due.

In *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1975), the Supreme Court set forth the factors a court must weigh in determining what process the Constitution requires in any given instance: 1) "the private interest that will be affected"; 2) "the risk of an erroneous deprivation ... and the probable value, if any, of additional or substitute procedural safeguards"; and 3) "the Government's interest including ... fiscal and administrative burdens that the additional or substitute procedural requirement would entail." In *Goss v. Lopez, supra,* 419 U.S. at 579–81, 95 S.Ct. at 738–39, which required oral or written notice and an informal hearing for students threatened with brief suspension from public school, the Court emphasized a minor's significant interest in receiving an education and the significant risk of erroneous deprivation absent those procedural protections. Here, where the threatened deprivation is more permanent in nature, the risk of erroneous deprivation significant, and the administrative burden imposed by written decisions minor, the *Eldridge* factors weigh heavily in favor of requiring written notice. *See Vitek v. Jones,* 445 U.S. 480, 494–96, 100 S.Ct. 1254, 1264–65, 63 L.Ed.2d 552 (1980); *Wolff v. McDonnell,* 418 U.S. 539, 563–65, 94 S.Ct. 2963, 2978–79, 41 L.Ed.2d 935 (1974); *Goldberg v. Kelly,* 397 U.S. 254, 267–69, 90 S.Ct. 1011, 1020–21, 25 L.Ed.2d 287 (1970).

A statement of the factual and legal basis of a decision may significantly reduce the risk of lengthy erroneous deprivation. Such a statement "helps to insure that administrators, faced with possible scrutiny by state officials and the public, and perhaps even the courts, where fundamental constitutional rights may have been abridged, will act fairly. Without written records, the [affected party] will be at a severe disadvantage in propounding his own cause to or defending himself from others." *Wolff v. McDonnell, supra,* 418 U.S. at 565, 94 S.Ct. at 2979; *see Morrissey v. Brewer,* 408 U.S. 471, 487, 92 S.Ct. 2593, 2603, 33 L.Ed.2d 484 (1972); *Goldberg v. Kelly, supra,* 397 U.S. at 271, 90 S.Ct. at

1022; *see also Ellender v. Schweiker,* 575 F.Supp. 590 (S.D.N.Y.1983). Preparation of written notice of the basis for decision in this case might have alerted the school board to the potential for error in its view of state law. Review of the law would have revealed that at the time of the White Plains defendants' decision, an unemancipated minor without a court-appointed legal guardian residing in the school district nevertheless could qualify as a resident for educational purposes.

A child's residence is presumed to be that of her parents (Matter of Schwartz, 12 Ed.Dept.Rep. 187 [1973], and a determination by a board of education that a child is not a resident of its school district will not be set aside unless it is arbitrary, capricious or unreasonable (Matter of Buglione, 14 Ed.Dept.Rep. 220 [1975]. However, the presumption that a child's residence is that of her parents is rebuttable, and the court appointment of a legal guardian is unnecessary to establish residence in the district other than that of the residence of the student's parents (*Simms et al. v. Roosevelt Union Free School District et al.,* 100 Misc.2d 827, 420 N.Y.S.2d 96 [1979]; *Matter of Tiger and Talasko,* 16 Ed. Dept.Rep. 178 [1977]).

*Matter of Takeall* (N.Y.Comm'r of Educ., June 4, 1984), quoting *Matter of Staulcup* (20 Ed.Dept.Rep. 11, 13). The court concludes that these factors outweigh whatever minor administrative inconvenience is entailed in the preparation of a statement of reasons as part of the notice of defendants' decision.

Finally, plaintiff asserts that he also was entitled to notice of available administrative remedies for appeal of the White Plains defendants' decision. New York provides a right to a hearing before the Commissioner of Education to review contested school board decisions. *See* N.Y. Educ.Law § 310 (McKinney 1969 & Supp. 1984–85). A review proceeding is quasi-judicial in nature; the Commissioner acts as a neutral decision-maker. But to obtain review, plaintiffs generally must file petitions within thirty days of the disputed

decision or action. *See Matter of Takeall, supra.*

In *Memphis Light, Gas & Water Division v. Craft,* 436 U.S. 1, 14–15, 98 S.Ct. 1554, 1562–63, 56 L.Ed.2d 30 (1978), the Supreme Court held that due process required that notice of a proposed utility service cut-off advise consumers of administrative procedures for contesting such decisions. Without information about remedies, any notice would not be "reasonably calculated to inform [plaintiffs] of the availability of 'an opportunity to present their objections'" to the proposed administrative action. "The purpose of notice under the Due Process Clause is to apprise the affected individual of, and permit adequate preparation for, an impending 'hearing.'" Where notice is addressed to recipients with varying "levels of education, experience and resources" only notice specifying administrative remedies assures the possibility of such preparation. *Memphis Light, supra,* 436 U.S. at 14, 98 S.Ct. at 1562, *quoting Mullane v. Central Hanover Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950).

When applied to the present case, *Memphis Gas & Light* suggests that notice of the availability of review was essential. The administrative statute of limitations was short, plaintiff was not represented by counsel in his prior dealings with the school board, and there was no previous meaningful review and reconsideration of the school board's decision. A simple statement of the available avenues of administrative relief, such as appeal to the Commissioner, is calculated to assure that individuals such as plaintiff can respond in a meaningful way to notice regarding their eligibility for a public education. *Cf. Ellender v. Schweiker, supra* (notice of SSI overpayment to OASDI recipient must identify waiver and appeal rights); *Finberg v. Sullivan,* 634 F.2d 50, 62 (3rd Cir.1980) (notice of execution to judgment debtor must list exemptions which may be available and procedures for exerting exemptions); *Deary v. Guardian Loan Co.,* 534 F.Supp. 1178, 1187 (S.D.N.Y.), *modified,* 550

F.Supp. 642 (S.D.N.Y.1982) (same); *Nelson v. Regan,* 560 F. Supp. 1101 (D.Conn.1983), *aff'd,* 731 F.2d 105 (2d Cir.1984) (parent delinquent in support payment must be notified that tax refund will be applied to those arrearages and of procedures for contesting such application).

Accordingly, the court concludes that plaintiff was entitled to written notice of the school system's decision, including a statement of reasons and of available administrative remedies.

## B. *Nominal Damages*

■ Plaintiff seeks summary judgment on the issue of defendants' liability for nominal damages.

Under the rule of *Carey v. Piphus,* 435 U.S. 247, 266, 98 S.Ct. 1042, 1053, 55 L.Ed.2d 252 (1978), plaintiffs in suits under 42 U.S.C. § 1983 who are deprived of procedural due process may recover nominal damages without proof of actual injury. Plaintiff has established that the actions of defendant Board of Education of the City of White Plains denied him due process. Accordingly, plaintiff is entitled to nominal damages. Defendants Marcus and Jones, however, both claim qualified immunity from damages. Since they may establish qualified immunity from damages under the principles of *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) and *Davis v. Scherer,* — U.S. —, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984), summary judgment against them with respect to damages is denied. In his reply papers, plaintiff does not dispute that nominal damages cannot be awarded against Ambach in his official capacity without violating the Eleventh Amendment and the rule of *Edelman v. Jordan, supra.* Accordingly, summary judgment is denied on defendant Ambach's liability for damages in the claim against him in his official capacity.

## Conclusion

For the foregoing reasons, Ambach's motion to dismiss the complaint is granted with respect to the suit against him in his individual capacity and denied in all other respects. The White Plains defendants' cross-motion for summary judgment is denied. Plaintiff's motion for summary judgment is granted with respect to the liability of the Board of Education of the City of White Plains for nominal damages and denied in all other respects.

So Ordered.