**Diane HARRISON, on behalf of herself and her minor children Demi Harrison and Sara Harrison, Plaintiffs,**

v.

**Thomas SOBOL, Individually and as Commissioner of the New York State Department of Education; and the Board of Education of the Peekskill City School District; and Donald Rickett, Individually and as Superintendent of Schools for the City School District of the City of Peekskill; and Rose Norelli, Individually and as a Registration Officer of the City School District of the City of Peekskill, Defendants.**

No. 87 Civ. 7952 (CLB).

United States District Court,
S.D. New York.

Dec. 8, 1988.

Gerald A. Norlander, Westchester Legal Services, White Plains, N.Y., for plaintiffs.

Peter B. Nickles, Peekskill, N.Y., for Peekskill School Dist.

Stephen M. Jacoby, Asst. Atty. Gen., New York City, for Com'r of Educ.

## MEMORANDUM AND ORDER

BRIEANT, Chief Judge.

This is an action brought by a homeless woman on behalf of herself and her two children pursuant to 42 U.S.C. § 1983 against the Peekskill School District ("the District"), two of its officers, Rose Norelli, a Registration Officer, and Donald Rickett, Superintendent of Schools, both as officers of the District and individually, and the New York State Commissioner of Education, Thomas Sobol ("Commissioner"), both in his official capacity and individually, for the wrongful exclusion of her children from the District. Plaintiff claims that the procedures for terminating a pupil's education for nonresidence violate the due process clause of the 14th amendment, and that defendant Commissioner has failed to provide a meaningful opportunity for homeless children attending school to contest termination of their education by a local school board at a hearing.

Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 that the policy or practice of defendants to permit exclusion for nonresidence of "homeless" children without prior, adequate, written notice or an opportunity for a hearing was in violation of plaintiffs' due process rights, and that the Commissioner's § 301 appeal procedure is inadequate. She further requests a permanent injunction pursuant to Rule 65 Fed.R.Civ.P. enjoining defendants from excluding plaintiff's children from the District, as well as an award of nominal damages, compensatory and punitive damages pursuant to 42 U.S.C. § 1983, and costs, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988.

Plaintiff has moved pursuant to Rule 56 Fed.R.Civ.P. for partial summary judgment on the issue of declaratory and permanent injunctive relief and on defendant's liability for nominal damages for the alleged violation of due process. Plaintiff also requests a pre-trial order to identify the factual matters in dispute regarding their claims for compensatory and punitive damages. Defendant Commissioner has moved to dismiss the plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(1), (3), and (6) for lack of jurisdiction, mootness, non-justiciability, immunity, failure to state a claim upon which relief can be granted, and improper venue. The District joins in the Commissioner's motion. These motions were submitted for decision on November 3, 1988, and are hereby resolved by granting each motion in part as set forth below.

*Background*

Plaintiff and her children have been homeless since May, 1986 as a result of a fire in their former apartment in Lake Mohegan, New York. They moved to a Mahopac motel after having moved to Florida, and then to various residences in the Southern District. Plaintiff's children lived briefly with their father, a Peekskill resident, and, beginning in July 1987, were registered in the Peekskill School District. On October 9, 1987, the children were required to move from their father's residence by his landlord, and moved back with their mother in the Mahopac motel. Neither the motel nor the Lake Mohegan premises are located within the Peekskill School District.

On October 21, 1987, defendant Rose Norelli, a registration officer with the District, notified plaintiff by telephone that her children were no longer eligible to be enrolled in the District, and should instead be enrolled in Mahopac schools, unless their mother found an apartment in Peekskill. Plaintiff alleges that she was told that her children would not be admitted to the Peekskill schools after November 2, 1987, and that she received no written notice providing factual and legal grounds for the exclusion, or informing her of her right to a hearing and to a decision by the Commissioner pursuant to § 301 of the New York Education Law, or to state court review pursuant to New York C.P.L.R. art. 78.

Mahopac school officials allegedly said that the children should be in Peekskill schools, and refused to admit them to Mahopac schools. Due to this useless bureaucratic tangle, the children were out of school for four to five days, from November 2 to November 9, and neither district profited from the per capita aid due from the state for the plaintiff's childrens' attendance.

On November 4, 1987, plaintiff moved for a preliminary injunction against the defendants, seeking to have her children readmitted to the Peekskill schools. The motion was withdrawn without prejudice on April 13, 1988 because of Peekskill's agreement, made on the record in court on November 9, 1987, to readmit plaintiff's children voluntarily and to continue to educate them, pending further order of this Court or plaintiff's voluntary enrollment of her children in another school district.

*Plaintiff's Motion for Partial Summary Judgment*

Summary judgment is appropriate where the pleadings, affidavits and other evidence on record indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. In opposing a motion for summary judgment supported by affidavits, a party "may not rest on the mere allegations or denials of his pleadings, but ... must put forth specific facts to show that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

In this case, the facts material to the issue of whether plaintiffs' right to due process was violated are not in dispute. Although Peekskill states that it had procedures for notification of students in the event of a determination of nonresidence, these procedures were not followed in this case. Accordingly, the question is ripe for determination here.

*Equitable Relief*

Plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. § 2201 that defendants violated their right to due process of law, as well as a permanent injunction pursuant to Fed.R.Civ.P. 65 enjoining defendants from excluding plaintiffs from the Peekskill public schools on the ground of alleged nonresidence, without notice and an opportunity for a hearing.

Due process analysis makes the relevant threshold inquiry whether the plaintiff has a "legitimate claim of entitlement" to a benefit that is grounded in state law, thereby warranting due process analysis. *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1969). A school-age child in New York "is entitled to attend the public schools maintained in the district in which [the child] resides without the payment of tuition." N.Y.Ed.L. § 3203. The New York Commissioner of Education has held that, for school residency purposes, "homeless" children temporarily housed in motels are entitled under § 3202 of the New York Education Law to continue to attend their home school districts. *Matter of Richards*, 25 Ed.Dep't Rep. 38 (July 17, 1985).

■ Plaintiff's children were clearly denied the right to education to which they are entitled under New York law, without due process. *See Orozco v. Sobol*, 674 F.Supp. 125 (S.D.N.Y.1987) (Goettel, J.); *Takeall v. Ambach*, 609 F.Supp. 81 (S.D.N.Y.1985) (Gagliardi, J.). The District in its answer stated that whenever a student in the District is considered a "nonresident," a written notice is forwarded to the student, which states that the individual can appeal to the Commissioner. Defendant has admitted that, in this case, no written notice was given, but merely an oral directive. The procedures alleged by defendants Rickett and Norelli to exist concerning suspension or expulsion of students for nonresidence were not followed in this case.

On July 8, 1988, however, a new regulation proposed by the Commissioner and approved by the Board of Regents, 8 N.Y.C. R.R. § 100.2(x), went into effect. Under the new regulation, parents of displaced homeless children are able to designate either the school district in which the child resided at the time he or she became homeless or the school district in which the child is temporarily living as the district in which

their children will attend school. Also adopted and effective on July 8, 1988 was a regulation requiring districts which deny admission to a child based on nonresidence to provide written notification to the parents and an "opportunity to submit information concerning the child's right to attend school in the district." 8 N.Y.C.R.R. § 100.2(y).

■ In light of the adoption of these new regulations for the education of homeless children, plaintiffs' claims for equitable relief in the form of a declaratory judgment and permanent injunction are moot. Moreover, following the commencement of this action, the District readmitted plaintiff's children to its schools and obligated itself to continue plaintiff's children in school there. Thereafter, in September 1988, plaintiff's children were voluntarily enrolled in the Lakeland School District. Accordingly, plaintiff's motion for summary judgment as to declaratory and injunctive relief is denied as moot.

■ While an exception to the general rule for determining mootness has been recognized in some cases where the conduct "originally complained of is 'capable of repetition, yet evading review,'" *Honig v. Doe*, 484 U.S. 305, 108 S.Ct. 592, 601, 98 L.Ed.2d 686 (1988), the exception only applies if there is a "reasonable expectation that the same complaining party would be subjected to the same action again." *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982). The exception is not applicable here because of the new regulations, which would prevent a recurrence. If now denied enrollment in a district, plaintiff would be notified of any procedures for review within the district, she would be afforded "the opportunity to submit information concerning the child's right to attend school in the district," and she would receive a written notice of the basis for the determination and her right to a § 310 appeal to the Commissioner. 8 N.Y.C.R.R. § 100.2(y).

The Court declines to consider the adequacy of the new procedures, because they are not at issue here. This Court will not attempt to analyze and predict what problems may or may not arise in the future with the implementation of the new regulations in the context of an actual case or controversy.

■ Plaintiff also seeks a declaratory judgment against the Commissioner on the ground that the section 310 appeals procedure is far too complex, burdensome, and time-consuming to satisfy any reasonable standard of due process. She alleges that the Commissioner has failed "to establish a meaningful opportunity to review local school officials' termination of education," thereby denying the children due process. Complaint, ¶ 44. Plaintiff, however, has not availed herself of the Sec. 310 process; she instead filed a sec. 1983 claim with this Court. This claim against the Commissioner, therefore, is based on speculation and is not ripe for adjudication. *United Public Workers v. Mitchell*, 330 U.S. 75, 89–91, 67 S.Ct. 556, 564–65, 91 L.Ed. 754 (1947).

■ Plaintiff lacks standing to sue the Commissioner on this ground. Plaintiff has not suffered actual injury as a result of a sec. 310 appeal since one has not yet been initiated. *See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471–76, 102 S.Ct. 752, 757–60, 70 L.Ed.2d 700 (1982) (discussing constitutional underpinning for "actual injury" standing requirement). Consequently, a case or controversy has not been presented to the Court on the sec. 310 issue. U.S. Const. art. III, sec. 2.

*Defenses*

A. Venue

■ Venue is proper in the Southern District under 28 U.S.C. sec. 1392, even though the Commissioner is located in the Northern District. 28 U.S.C. sec. 1392 provides:

"Any civil action, not of a local nature, against defendants residing in different districts in the same state, may be brought in any of such districts."

Because of the necessary involvement of the Commissioner in the administrative pro-

cess for resolving residence disputes, and his supervisory responsibility over the District, the action is not merely of a local nature, and may properly be heard in the Southern District.

### B. Abstention

■ The Commissioner alleges that *Pullman* or *Burford* abstention is appropriate. Under *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), abstention is appropriate where the "dispute concerns a controlling issue of state law that is unclear and the resolution of which could avoid the constitutional issue presented...." *Catlin v. Ambach*, 820 F.2d 588, 589 (2nd Cir.1987).

Plaintiffs have not raised an "as applied" equal protection claim that could be resolved by construction of a state statute. No state law or regulation required the notice and hearing to which plaintiffs claim they were entitled when they were determined to be nonresidents. This case presents a question of what due process is required when a pupil's education is terminated for nonresidence, which is a question of federal constitutional law. Because there is no unclear issue of state law, the case presents solely a question of procedural due process under the Constitution, and the Court should not abstain under *Pullman*.

■ The Commissioner also alleges that abstention is appropriate under *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). The standard for invoking the *Burford* doctrine requires that three criteria be met:

(1) the order, regulation, or provision attacked in federal court relates to a sophisticated state regulatory scheme involving complex subject matter of a special state interest in which judicial reivew of administrative decisions by state courts is considered an integral part of that scheme because it promotes uniformity by minimizing the potential for multiple inconsistent adjudications and helps assure that the tribunal of choice possesses a certain degree of expertise in the complex subject matter involved;

(2) the exercise of jurisdiction by the federal court threatens to disrupt the state's regulatory scheme; and

(3) the action brought in federal court largely involves issues of state law."

*Long Island Lighting Co. v. Cuomo*, 666 F.Supp. 370, 399 (N.D.N.Y.1987).

Because these three requirements have not been met, this Court should not abstain pursuant to *Burford*. Plaintiff does not seek to invalidate a complex state regulatory scheme, the predominant issue is the constitutional due process to be afforded to students being expelled from school for nonresidence, and thus, this action does not involve predominantly issues of state law.

### C. Immunity

Commissioner Sobol has moved to dismiss the claim against him in its entirety, claiming immunity from suit in his official capacity.

The Legislature has charged the State Education Department "with the general management and supervision of all public schools and all of the educational work of the state." N.Y.Ed.L § 101. The head of the Education Department is the state Board of Regents. *Id.;* N.Y. Const., Art. 11, § 2. The Board of Regents appoints the Commissioner of Education. N.Y.Ed.L. § 101. The Commissioner "enforce[s] all general and special laws relating to the educational system of the state and execute[s] all educational policies determined upon by the Board of Regents," and has "general supervision over all schools." N.Y.Ed.L. § 305(2).

■ The 11th amendment bars suit in federal court against a state official in his official capacity where the claim is that the official violated state law in carrying out his duties, and the relief sought would operate against the state. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Where a suit challenges the constitutionality of a state official's actions, however, the 11th amendment does not require dismissal. Rather, the 11th amendment operates

to preclude certain forms of relief, particularly damages, against the state. *See Id.* at 98, 104 S.Ct. at 906; *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).

██ However, an official with administrative responsibility who has actual or constructive knowledge of, or who condones, a pervasive custom or practice of local districts under his administrative supervision to deny constitutional rights will be liable in damages. *McCann v. Coughlin,* 698 F.2d 112, 124–25 (2d Cir.1983). In *Duchesne v. Sugarman,* 566 F.2d 817 (2d Cir. 1987), the Court of Appeals held that state and local officials may be liable for damages if their official policies or practices lead to due process violations, and it makes no difference whether the violations occur as a result of their action or inaction. *Id.* at 832. If the Commissioner has "actual or constructive notice" of deficient procedures, this is "an adequate basis for liability pursuant to sec. 1983." *McCann v. Coughlin,* 698 F.2d at 125.

██ In this case, the complaint alleges that the Commissioner violated plaintiffs' right to due process by establishing a custom of approving local school district reliance on informal oral notice of residency determinations. A question of federal constitutional law is raised. The Commissioner's counsel was apprised on November 4, 1987 that the children were not in school, but no action was taken to direct the District to allow plaintiffs to continue in attendance while the residence dispute was resolved. At the time, there was no statute or regulation of the Commissioner requiring any written notice before termination of a pupil's education. Thus, the Commissioner is not entitled to immunity and will be accountable in damages for the lack of procedural due process afforded the plaintiffs. The Commissioner is not protected from liability by legislative, judicial, or qualified immunity.

██ The District is also liable for damages under *Monell v. Department of Social Services,* 436 U.S. 658, 695, 98 S.Ct. 2018, 2038, 56 L.Ed.2d 611 (1978), because its officials did not provide adequate written notice before terminating plaintiffs' education.

## Damages

The requests for declaratory and injunctive relief by plaintiffs are rendered moot by the intervening regulations which were promulgated by the Board of Regents and the Commissioner, and the subsequent enrollment of the children in the Lakeland School District. Thus, the only remaining dispute is whether plaintiff's children were damaged, and to what extent, by their lack of school attendance for four or five days.

██ Nominal damages of $1.00 may be recovered for a constitutional violation in a sec. 1983 case, and will carry with them reasonable legal fees. *Mindich Developers, Inc. v. Hunziker,* 622 F.Supp. 1513, 1517 (S.D.N.Y.1985). Under the rule of *Carey v. Piphus,* 435 U.S. 247, 266, 98 S.Ct. 1042, 1053, 55 L.Ed.2d 252 (1978), plaintiffs in suits under sec. 1983 who are deprived of procedural due process may recover nominal damages without proof of actual injury. Plaintiffs have established that the actions of the defendants denied them due process. There is no proof of actual damage flowing from an absence from school no longer than that which often follows from the common cold. Accordingly, plaintiffs are entitled to nominal damages of $1.00, from all defendants, jointly and severally.

██ Plaintiffs allege that because defendants knew, or should have known when they denied education to the plaintiff's children that they were required under the due process clause to provide adequate notice of their proposed action, and an opportunity for a hearing and decision prior to the termination, they are therefore liable for punitive damages pursuant to 42 U.S.C. sec. 1983. Plaintiffs also allege that defendant Commissioner knew or should have known that his rules and procedures failed to provide homeless children in New York State and their parents notice and the opportunity for a meaningful hearing on their exclusion from school based on non-

residence, and therefore he is liable for punitive damages.

Here, the plaintiffs were totally excluded from school. The violation of their rights was obvious and unnecessary. The actual damages, however, are trivial, and wilfulness as well as motive are entirely lacking. Thus, punitive damages are unwarranted.

Plaintiff's counsel are entitled to reasonable attorneys fees pursuant to 42 U.S.C. § 1988.

Counsel are directed to appear at Courtroom 31, United States Courthouse, 101 East Post Road, White Plains, New York, on December 21, 1988 at 9:00 A.M., for the purpose of a status report conference to advise whether a final judgment may be entered awarding damages of $1.00 and fixing the reasonable attorneys fees by agreement, and if not, to establish a procedure to adjudicate the issue.

The entry of final judgment is deferred.

SO ORDERED.